**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SILVIA REGINA LASKO, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIBER HOME LOANS, INC., *et al.*, <br><br> Defendants. | 2:18-cv-01802-JCM-VCF <br><br> **ORDER** <br><br> MOTIONS FOR RECONSIDERATION [ECF NOS. 68, 69] |

Before the Court are Plaintiff Imam Keith Alan Lasko's[1] Motion for Reconsideration Regarding Countrywide Home Loans and Acts of Perjury and of Fraud upon the Court committed by Bank of America (ECF No. 68) and Motion for Reconsideration Regarding Default Entry and Default Judgment Against Each of These: HSBC, Ocwen Financial Corp., Caliber Home Loans Inc. (ECF No. 69). For the reasons discussed below, Plaintiff's motions are denied.

At a hearing on November 16, 2018, the Court denied several motions for default brought by Plaintiffs. (ECF No. 60). The Court found that there was insufficient evidence that Defendant Countrywide Home Loans ("Countrywide") had been served with the complaint. (*Id.*). The Court denied the motion for default against Countrywide without prejudice to allow Plaintiffs to file a new motion for default if they could find proof of service. (*Id.*). The Court denied the motions for default against all other Defendants because the Defendants had filed various motions and joinders in response to the complaint. (*Id.*). The same day as the hearing, Plaintiffs filed motions for default judgment against Countrywide and

---

[1] The motions were signed by Mr. Lasko "for the Plaintiffs." (ECF No. 68 at 5; ECF No. 69 at 5). However, as a *pro se* plaintiff, Mr. Lasko can only represent himself. Should multiple plaintiffs seek to file a document, each much sign it on his or her own behalf.

1

Caliber Home Loans. (ECF Nos. 58, 59). The Court denied these motions because the motions for default had been denied at the hearing. (ECF No. 61).

Plaintiff now moves for the Court to reconsider its orders regarding the motions for default and default judgment. (ECF Nos. 68, 69). Under LR 59-1(a),

> The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

"Motions for reconsideration are disfavored." LR 59-1(b).

The Court finds that there is no basis to reconsider its orders regarding the motions for default and default judgment. With regard to Countrywide, the Court denied the motion for default without prejudice to allow Plaintiffs to renew their motion for default containing sufficient evidence that Countrywide was served with the complaint. If Plaintiff believed that there was sufficient evidence of service, the proper course would have been to renew the motion for default, rather than challenge the Court's order.[2] Plaintiff has failed to provide new evidence or demonstrate a change in controlling law that would impact the Court's analysis regarding the motions for default and default judgment against the other Defendants. Plaintiff simply makes the same arguments he made at the November 16, 2018 hearing regarding the timing of Defendants' responses to the complaint. "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

---

[2] However, the Court notes that a new motion for default would be ineffective at this point. Having resolved the confusion over the specific Countrywide entity at issue in this action, Countrywide has now filed a joinder to the motion to dismiss the complaint. (ECF No. 64).

2

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration Regarding Countrywide Home Loans and Acts of Perjury and of Fraud upon the Court committed by Bank of America (ECF No. 68) and Motion for Reconsideration Regarding Default Entry and Default Judgment Against Each of These: HSBC, Ocwen Financial Corp., Caliber Home Loans Inc. (ECF No. 69) are DENIED.

## NOTICE

Under Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of January, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE