**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SILVIA REGINA LASKO, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIBER HOME LOANS, INC., *et al.*, <br><br> Defendants. | Case No.: 2:18-cv-1802-GMN-VCF <br><br> **ORDER** |

Pending before the Court are the Motions to Dismiss filed by Defendants Joe Anderson, Caliber Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., Summit Financial Corp., and U.S. Bank Trust, N.A. ("Group One Defendants"), (ECF No. 4), and Defendant Ocwen Financial Corp. ("Defendant Ocwen") (collectively, "Defendants"), (ECF No. 11). Defendant Ocwen and Defendant Bank of America, N.A. each joined in Group One Defendants' Motion to Dismiss. (ECF Nos. 10, 12). Plaintiff Silvia Lasko ("Plaintiff Silvia") filed a Response to each Motion, (ECF Nos. 18–19), and Group One Defendants and Defendant Ocwen each filed Replies, (ECF Nos. 20, 25). Plaintiff Imam Keith Lasko ("Plaintiff Keith") filed a second Response to Group One Defendants' Motion to Dismiss, (ECF No. 27), and Group One Defendants filed a Motion to Strike, (ECF No. 29).

Also before the Court are numerous motions Plaintiffs Silvia and Keith (collectively, "Plaintiffs") filed, including: a Motion to Remand to State Court, (ECF No. 47), a Motion for Declaratory Judgment, (ECF No. 50), and several Motions for Sanctions, Clarification, Discovery, Injunctive Relief, and "Charging Defendants with MERS Fraud" (ECF Nos. 88–91,

93–94, 96–97). Defendant Ocwen filed Motions to Strike, (ECF Nos. 109–110), in response to two of the Motions for Clarification, (ECF Nos. 91, 97).

On August 22, 2019, United States Magistrate Judge Cam Ferenbach entered a Report and Recommendation ("R&R"), (ECF No. 92), recommending dismissal of Plaintiff Mosque of the Golden Rule and Plaintiff Worldwide Ministries of Islam for failing to comply with the Court's Order instructing them to retain counsel, (ECF No. 60). Plaintiffs objected in the form of a Motion. (ECF No. 95).

## I. BACKGROUND

This case arises from Defendants' allegedly wrongful conduct in connection with the origination and servicing of Plaintiffs' mortgage. (*See* Compl. 3:19–4:21, Ex. A to Pet. for Removal, ECF No. 1-1). Plaintiffs filed this action in state court alleging nineteen causes of action against Defendants, which concern allegations of fraud, violations of the Truth in Lending Act, deceptive trade practices under Nevada law, Nevada Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, violations of their civil rights, and other tortious conduct. (*See generally* Compl.). Defendants then removed the action to this Court on September 18, 2018. (Pet. For Removal, ECF No. 1).

## II. LEGAL STANDARD

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, before a federal court may consider the merits of a case, it must first determine whether it has proper subject matter jurisdiction. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653–54 (9th Cir. 2002). As a general rule, "[t]he defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an

action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see also Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (noting the court's obligation to determine sua sponte whether it has subject matter jurisdiction).

**B. Motion to Dismiss**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Before turning to the merits of the Defendants' Motions to Dismiss, the Court considers whether it has subject matter jurisdiction over the action. The Court concludes that it does.

A district court has jurisdiction to adjudicate a pendent state law claim if there is a federal claim so related to it that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). A state law claim is part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). "[A] plaintiff's claims [must also be] such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiffs' Complaint alleges federal claims—violations of their civil rights and the Truth in Lending Act—over which the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' state law claims derive from the same common nucleus of operative fact as their federal claims because they are based on the same alleged misconduct of Defendants' in the issuance and servicing of Plaintiffs' mortgage. (*See, e.g.*, Compl. 68:24–69:2) (alleging that Defendants violated the Truth in Lending Act through the same fraudulent conduct providing the basis for many of Plaintiffs' state law tort claims). Therefore, the Court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

Addressing now Defendants' Motions to Dismiss, the Court concludes that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. The Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement of a "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." The Complaint contains 248 pages of claims for relief and exhibits. Thus, the Complaint is neither "short" nor "plain." *Northwestern Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another. District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) ("[A] complaint must be presented 'with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of plaintiff's claim."); *Sparling v. Hoffman Constr. Co., 864 F.2d 635*, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper."). Accordingly, Defendants' Motions to Dismiss, (ECF Nos. 4, 11) are **GRANTED**,[1] and the Complaint, (Ex. A to Pet. for Removal, ECF No. 1-1), is **DISMISSED without prejudice**.

---

[1] Because the remaining motions and R&R before the Court are inextricably related to the merits of Plaintiffs' underlying claims, they are now moot in light of the Court's decision to dismiss Plaintiffs' Complaint without prejudice. Group One Defendants' Motion to Strike, (ECF No. 29), regarding Plaintiff Keith's Response, (ECF No. 27), to their Motion to Dismiss, (ECF No. 4), is rendered moot. Defendant Ocwen's Motions to Strike, (ECF Nos. 109–110), Plaintiffs' Motions for Clarification, (ECF Nos. 91, 96), and the motions for clarification themselves, (*Id.*), are also rendered moot. Plaintiffs Motions for Declaratory Judgment, Sanctions, and other forms of relief, (ECF Nos. 50, 88–89, 93–94), which essentially seek the same remedies they request in their Complaint, are also moot because, until they amend their Complaint, they do not have standing to seek the relief requested. Plaintiffs' Motions for Discovery, (ECF Nos. 90, 97), now that the Complaint has been dismissed without prejudice, are moot. Finally, Judge Ferenbach's R&R, (ECF No. 92), to dismiss Plaintiff Mosque of the

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand to State Court, (ECF No. 47), is **DENIED**.

**IT IS FURTHER ORDERED** that Group One Defendants' Motion to Dismiss, (ECF No. 4), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Ocwen's Motion to Dismiss, (ECF No. 11), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint, (Ex. A to Pet. for Removal, ECF No. 1-1), is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Group One Defendants' Motion to Strike, (ECF No. 29), is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' remaining motions, (ECF Nos. 50, 88–91, 93–97) are **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Defendant Ocwen's Motions to Strike, (ECF Nos. 109–110), are **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 92), is **REJECTED as MOOT**.

---

Golden Rule and Plaintiff Worldwide Ministries of Islam, and Plaintiffs' Motion raising objections, (ECF No. 95), are now also moot.

**IT IS FURTHER ORDERED** that, if Plaintiffs elect to amend their Complaint, they shall have twenty-one days from the date of this Order to do so. Failure to timely amend the Complaint will result in dismissal of Plaintiffs' claims with prejudice.

**DATED** this __28__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court