# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

SILVIA REGINA LASKO AND IMAM KEITH ALAN LASKO,

        Plaintiff(s),

vs.

CALIBER HOME LOANS, INC., *et al*.,

        Defendant(s).

Case No. 2:18-cv-01802-GMN-VCF

**ORDER**

PLAINTIFFS' MOTION FOR SETTLEMENT CONFERENCE [ECF NO. 148]; PLAINTIFFS' MOTION FOR PRODUCTION [ECF NO. 149]; PLAINTIFFS' AMENDED MOTION FOR SETTLEMENT CONFERENCE [ECF NO. 151]

Before the Court are *pro se* plaintiffs Silvia Regina Lasko and Imam Keith Alan Lasko's motion for a settlement conference (ECF No. 148), motion for production (ECF No. 149), and amended motion for settlement conference (ECF No. 151). Plaintiffs' motions are denied.

In plaintiffs' motion for a settlement conference, plaintiffs ask the Court for a settlement conference and attach a proposed settlement to the motion. (ECF No. 148 at 4). In plaintiff's amended motion for a settlement conference, plaintiffs attach an amended proposed settlement. (ECF No. 151 at 4). Defendant Ocwen Financial Corp filed an opposition to plaintiffs' requests for a settlement conference, arguing that a settlement conference is inappropriate because it has filed a motion to dismiss for failure to state a claim that may dispose of the case without additional discovery or cost. (ECF 154 at 2). Plaintiffs did not file a reply. In plaintiffs' motion for production of documents, plaintiffs move the Court to order the defendants to produce various legal documents. (ECF No. 149 at 2). Defendants filed oppositions (ECF Nos. 161 and 155) and plaintiffs did not file a reply.

Federal Rule of Civil Procedure 1 states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action[.]" The Court finds that holding a settlement conference, in this case, while defendants' motions to dismiss are pending, does not promote the goal of Rule 1 because it would increase costs, and the motions to dismiss may be dispositive of this case. The plaintiffs are free to seek a settlement privately with the defendants, but the Court will not order a settlement conference at this time. The Court previously stayed discovery in this matter (ECF Nos 60 and 87). Since discovery is not permitted at this time, plaintiffs' motion for production of documents is denied.

ACCORDINGLY,

IT IS ORDERED that plaintiffs Silvia Regina Lasko and Imam Keith Alan Lasko's motion for a settlement conference (ECF No. 148), motion for production (ECF No. 149), and amended motion for settlement conference (ECF No. 151) are DENIED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff(s) must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 4th day of December, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE