**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SILVIA REGINA LASKO, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIBER HOME LOANS, INC., *et al.*, <br><br> Defendants. | Case No. 2:18-cv-01802-GMN-VCF <br><br> **ORDER** <br><br> **-And-** <br><br> **ORDER TO SHOW CAUSE** <br><br> MOTION TO SANCTION PLAINTIFFS AS A VEXATIOUS LITIGANTS (ECF No. 194) |

Before the Court is defendants Bank of America, N.A individually and as successor by merger to Countrywide Bank, FSB1 and Countrywide Home Loans, Inc.'s motion to sanction Silvia Regina Lasko and Imam Keith Alan Lasko as a vexatious litigant. (ECF No. 194.) Defendants Joe Anderson, Caliber Home Loans, Inc., HSBC, LSF9 Master Participation Trust, Mortgage Electronic Registration Systems, Inc., Summit Financial Corp., U.S. Bank Trust, N.A, HSBC, and Ocwen Financial Corp. filed joinders to the instant motion. (ECF Nos. 198-200.)

Plaintiffs did not file a response and the time to do so has passed. The Court grants the moving defendants' motion in part. The Court sua sponte issues an order to show cause.

### I.  Legal Standard

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id*.  Prior to entering a

pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id*. (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted).

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted). Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056. The court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Williams v. Nat'l Default Servicing Corp.*, No. 2:16-cv-1860-GMN-NJK, 2017 U.S. Dist. LEXIS 4111, at 12-14 (D. Nev. Jan. 10, 2017), citing to *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004).

Pursuant to Federal Rule of Civil Procedure Rule 11(b), "[b]y presenting to the court a pleading,

written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

**II.     Discussion**

Plaintiffs Sylvia and Keith Lasko bring 24 claims against the defendants, including but not limited to RICO claims and emotional distress, related to a foreclosure. (ECF No. 141). All the defendants filed motions to dismiss or joinders that are fully briefed and pending before the Court. (ECF Nos. 142, 143, 145, 146, 147.)

The moving defendants argue in its motion for sanctions that this Court has already found that the Laskos have filed 30 repetitive, baseless, and frivolous motions, wholly unsupported by fact or law. (ECF No 194, citing to ECF Nos. 23, 24, 30, 31, 33, 34, 48, 49, 51, 52, 58, 59, 68, 69, 88, 89, 90, 91, 93, 94, 95, 96, 97, 136, 148, 149, 151, 167, 174, 175 and 176.) This Court has denied all these motions (ECF Nos. 60, 61, 83, 139, 165, and 202). The moving defendants argue that the Laskos's behavior in this action is harassing, abusing, and wasting the resources of moving defendants, other defendants, and this Court. (ECF No. 194 at 2) The moving defendants request that this Court, "declare the Laskos vexatious litigants in a narrowly tailored order to curtail such conduct." (*Id*.) The moving defendants argue that this Court should sanction the Laskos as vexatious litigants and require him to obtain prior Court approval before filing additional "motions or papers" in this matter. (*Id.*) The Laskos did not file a response and have thus consented to the granting of the instant motion.

"No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). The Ninth Circuit has emphasized that, "flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. The Ninth Circuit has also emphasized that, "orders restricting a person's access to the courts" must be not be overbroad and must be entered with care, "to protect access to the courts, which serves as the final safeguard for constitutional rights." *Id.*

The Court finds that plaintiffs have vexatiously multiplied the proceedings and their motion practice before this Court has been duplicative, vexatious, and harassing. The Court has already denied dozens of the Lasko's motions for failing to follow the Court's rules and for having no basis in law. The Court finds that the Laskos have not had a good faith expectation of prevailing on any of the motions the Court has ruled on to date. For example, the Court denied the Lasko's most recent round of motions at a hearing, and told Mr. Lasko on the record that his motions had no basis in law and that he needed to read the Rules of Civil Procedure. The Laskos must have a good faith basis to seek relief in this Court, and this Court's repeated denials of dozens of their motions shows that the Laskos are not prosecuting this case in good faith and he has caused needless expense to the defendants. (See ECF No. 202). The Laskos failure to file a response to the defendants' instant motion shows also shows that the Laskos are not prosecuting this case in good faith.

The Court, however, finds that the sanctions that the defendants have requested (that the Court pre-approve each of the Lasko's future filings in this matter) is overly broad and is the type of sanction that Ninth Circuit has warned would impede access to the Courts because it restricts the Laskos ability to file papers in this matter. See *De Long*, 912 F.2d at 1148. (Finding that an order that, "enjoined [a pro se litigant] from filing any further action *or papers* in this court without first obtaining leave" to be

overbroad)(emphasis added). The Court also finds that the defendants' requested sanctions would "preempt the use of judicial time." The Court must take care to narrowly craft an order that both protects access to the Courts and considers the wise use of scarce judicial resources.

Since the Court finds that the Laskos have presented the 30 motions discussed in this order for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, the Court sua sponte schedules a telephonic show cause hearing to investigate whether the Court should impose monetary sanctions upon the Laskos for their misconduct to be paid to the crime victims fund, pursuant to Rule 11 or the inherent authority of the Court.

ACCORDINGLY,

IT IS ORDERED that the moving defendants' motion to sanction and deem plaintiffs Sylvia and Keith Lasko Jr. as vexatious litigants (ECF No. 194) be GRANTED IN PART.

IT IS FURTHER ORDERED that a telephonic show cause hearing is scheduled for 11:00 AM, September 24, 2020.

IT IS FURTHER ORDERED that plaintiffs Sylvia and Keith Lasko Jr. must both appearance via telephone for the show cause hearing, scheduled for 11:00 AM, September 24, 2020.

The call-in telephone number is (888) 273-3658, access code: 3912597. The call must be made five minutes prior to the hearing time. The court will join the call and convene the proceedings. To improve sound quality, the parties should use a land line, at all possible. The use of a speaker phone during the proceedings is prohibited.

IT IS FURTHER ORDERED that on or before September 17, 2020, plaintiffs must file with the court a response showing cause as to why they should not be sanctioned for filing the 30 motions discussed in this order.

Should plaintiffs fail to file a response as ordered and/or fail to appear at the show cause hearing,

the undersigned Magistrate Judge may impose case-terminating sanctions against plaintiffs, which may include a report and recommendation that this case be dismissed.

The clerk's office is directed to mail a copy of this order to plaintiffs Sylvia and Keith Lasko Jr.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 31st day of August 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE