# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SILVIA REGINA LASKO, *et al.*,     ) | |
|                ) | |
|        Plaintiffs,   ) | Case No.: 2:18-cv-01802-GMN-VCF |
|     vs.              ) | **ORDER** |
|                ) | |
| CALIBER HOME LOANS, INC., *et al.*,  ) | |
|                ) | |
|        Defendants.  ) | |
|                ) | |

Pending before the Court are the Motions to Dismiss, (ECF Nos. 142–43), filed by Defendant Ocwen Financial Corp. ("Ocwen") and Defendants Joe Anderson, Caliber Home Loans, Inc., LSF9 Master Participation Trust, Mortgage Electronic Registration Systems, Inc., Summit Financial Corp., and U.S. Bank Trust, N.A., (the "Caliber Defendants"), (collectively, "Defendants").  Plaintiffs Keith Alan Lasko and Silvia Regina Lasko (collectively, "Plaintiffs") filed a Response to the Motions, (ECF No. 150), and Ocwen and the Caliber Defendants each filed Replies, (ECF Nos. 152–53).

For the reasons discussed below, the Court **GRANTS** the Motions to Dismiss.

## I.    <u>BACKGROUND</u>

This case arises from Plaintiffs' allegation that they fell victim to Defendants' allegedly fraudulent and predatory lending schemes when financing their purchase of real property. (*See* Am. Compl. 3:26–5:8, 13:19–14:18, ECF No. 141).  Plaintiffs purchased the real property at 8604 Vivid Violet Avenue, Las Vegas, Nevada 89143 (the "Property") by way of a deed of trust ("DOT") in the amount of $300,000.00, recorded on August 6, 2007. (*See* DOT, Ex. A to

Caliber Defs.' Mot. Dismiss ("Caliber MTD"), ECF No. 143-1).[1]  The DOT identifies

Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.*).  The DOT

was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

(*See* Assignment, Ex. B to Caliber MTD, ECF No. 143-2.  The parties agree that Caliber is the

current servicer of the loan. (*See* Am. Compl. 8:6–9); (Caliber MTD 3:2–3).  Plaintiffs'

Amended Complaint raises twenty-four causes of action arising from Defendants' allegedly

fraudulent origination, "securitization," and enforcement of Plaintiffs' obligations under the

DOT. (*See* Am. Compl. 14:19–57:23).  Defendants now move to dismiss the Amended

Complaint. (*See* Ocwen Defs.' Mot. Dismiss ("Ocwen MTD"), ECF No. 142); (Caliber MTD,

ECF No. 143).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp.

Comm'n*, 720 F.3d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule

12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the

complaint is sufficient to state a claim, the Court will take all material allegations as true and

construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792

F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden

State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

---

[1] As documents of public record, the Court may take judicial notice of the Caliber Defendants' Exhibits without
converting the Caliber Defendants' Motion to Dismiss into a motion for summary judgment. *See* Fed. R. Evid.
201; *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion … However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgement. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgement. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

//

//

1

## III.     DISCUSSION

2      As best as the Court can discern[2], the Amended Complaint raises three categories[3] of

3  claims: (1) claims relating to the origination[4] of the DOT; (2) claims relating to the

4  "securitization"[5] of the DOT; and (3) claims relating to the enforcement[6] of the DOT.  The

5  Court begins its analysis with Plaintiff's origination claims.

6  //

7  //

8

9

10  [2] Plaintiffs' continued noncompliance with Federal Rules of Civil Procedure 8 and 10(b)'s requirements that the Amended Complaint provide "a short and plain statement of the claim" wherein each factual allegation "must

11  [appear] . . . in numbered paragraphs," in combination with the sheer length of the pleading, makes Plaintiffs' Amended Complaint challenging to follow. *See* Fed. R. Civ. P. 8(b), 10(b); *see, e.g.*, *Le Gare v. Univ. of Penn. Med. School*, 488 F. Supp. 1250 (E.D. Pa. 1980).  If Plaintiffs elect to file a Second Amended Complaint, the

12  Court reminds them that the pleading must comply with the Federal Rules' requirements.

13  [3] While some of these categories overlap, the overlap is not relevant to the Court's analysis because claims dismissed with prejudice are only dismissed with prejudice to the extent they rely on futile bases for recovery.

14

15  [4] Claims relating to the origination of the DOT either allege that (1) Plaintiffs are entitled to relief because they were targeted by Countrywide Home Loans' predatory lending schemes; or (2) the DOT is invalid because of legal deficiencies in the initial loan documents.  These claims include: "predatory lending fraud," (Am. Compl.

16  16:26–18:18); "civil rights violation," (*Id.* 18:19–21:15); "mortgage origination fraud," (*Id.* 21:16–23:21); "submission of fake documents," (*Id.* 33:18–36:2); and "the Defendants have no legal claim to home of Silvia

17  Regina Oliveira Da Nobrega Lasko or the Mosque of Las Vegas at 8604 Vivid Violet Avenue, Las Vegas, Nevada, 89143," (*Id.* 55:3–57:23).

18

19  [5] Claims relating to the "securitization" of the DOT allege that the Note is invalid and unenforceable because it was packaged into a security sold to investors, effectively separating the Note from the DOT.  These claims include: "securitization fraud," (*Id.* 23:22–25:15); "MERS fraud," (*Id.* 25:16–27:23); "participation trust fraud"

20  (*Id.* 27:24–30:13); "chain of title fraud" (*Id.* 30:14–31:11); "chain of lender fraud" (*Id.* 31:11–33:17); "foreclosure fraud," (*Id.* 36:3–42:28); "slander of title," (*Id.* 53:23–54:3); and "federal false claims act," (*Id.*

21  54:4–55:2).

22  [6] Claims relating to the enforcement of the DOT include allegations of deceptive business practices and resulting personal injuries Plaintiffs suffered from the stress caused by Defendants' enforcement of the DOT.  These

23  claims include: "violation of statute of limitations," (*Id.* 14:19–16:26); "gross negligence," (*Id.* 43:1–17); "deceptive and fraudulent business practices," (*Id.* 43:18–44:14); "fraudulent collection," (*Id.* 44:15–47:21);

24  "perjury regarding collections," (*Id.* 47:22–48:9); "elder abuse," (*Id.* 48:10–49:3); "personal injury," (*Id.* 49:4–49:14); "federal RICO mail fraud," (*Id.* 50:9–25); "federal RICO extortion," (*Id.* 50:26–51:14); "federal RICO

25  obstruction of justice," (*Id.* 51:14–53:22); and "Nevada RICO violation," (*Id.* 49:15–50:8).

**A. The Court dismisses with prejudice Plaintiffs' claims relating to the DOT's origination because Plaintiffs were obligated to raise the claims in bankruptcy.**

The Caliber Defendants argue that Plaintiffs are judicially estopped from raising any of the claims alleged in the Complaint because Plaintiffs failed to raise the claims in bankruptcy. (Caliber MTD 6:24–9:20, ECF No. 143).[7]  The Court agrees with respect to Plaintiffs' claims based on the loan's origination because the Amended Complaint concedes that Plaintiffs were aware of the claims during the pendency of their bankruptcy proceedings, and the claims had accrued prior to Plaintiffs' bankruptcy case.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  The bankruptcy code requires that debtors in bankruptcy provide notice to the bankruptcy court of any potential claims, current claims, or lawsuits the debtors may hold. *See Hay v. First Interstate Bank, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (holding that a lawsuit or potential lawsuit must be disclosed in a bankruptcy proceeding); *see also* Fed. R. Bankr. P. 1007(b)(1) (requiring that debtors file a schedule of assets and liabilities, and a statement of financial affairs); Fed. R. Bankr. P. 1009(a) (explaining that schedules may be amended as a matter of course before the case is closed); 11 U.S.C. § 1125(b) (1988) (indicating that a debtor must provide claimants with a disclosure statement containing "adequate information"). Failure to disclose a potential lawsuit on the bankruptcy schedule estops the debtor from pursuing the undisclosed claim after discharge. *Hamilton*, 270 F.3d at 785.

Here, Plaintiffs filed this case on July 27, 2018. (*See* Compl., Ex. A to Pet. Removal, ECF No. 1-1).  In 2011, Plaintiffs filed a Chapter 7 bankruptcy petition. (*See* Bankr. Dkt., Ex.

---

[7] All other Defendants joined in the Motion. (*See* Joinders, ECF Nos. 145–47).

D to Caliber MTD, ECF No. 143-4).  Plaintiffs did not schedule any of the claims they now

raise in the Amended Complaint in their Bankruptcy Petition. (*See* Bankr. Pet., Ex. C to Caliber

MTD, ECF No. 143-3).  Plaintiffs allege that they stopped making payments on the DOT in

2010 after they came to believe the loan was "illegal." (*See* Am. Compl. 14:19–15:21, 16:21,

40:4–18, 43:1–10); (*see also* Debt Validation Notice, Ex. A to Am. Compl., ECF No. 141-1)

(titled by Plaintiffs, "Sept. 2010, Silvia Lasko Learned of Mortgage Origination Fraud and

Stopped Paying, 'Breach of Contract Occurred'").

     Without determining the merits of Plaintiffs' claims, the Court finds that Plaintiffs are

estopped from pursuing the claims they knew had accrued in 2010 because Plaintiffs failed to

disclose the existence of their claims in their bankruptcy proceeding. (*See* Bankr. Pet., Ex. C to

Caliber MTD).  All of Plaintiffs' causes of action listed in the above footnote 4 are rooted in

Defendants' allegedly fraudulent and predatory origination of the DOT, which was derived by

Defendants' alleged targeting of borrowers vulnerable to fraud, including Plaintiffs. *See* n.4,

*supra*.  Because Plaintiffs allegedly became aware of these potential claims in 2010, they were

required to disclose them in their bankruptcy proceeding but failed to do so.  Accordingly, the

Court is estopped from further considering the claims.

### B. The Court dismisses with prejudice Plaintiff's "securitization" claims because they cannot support a viable cause of action.

     Plaintiffs raise several claims relating to the "securitization" of the DOT. *See* n.5, *supra*.

In substance, these claims allege that the Note is unenforceable because it was packaged into an

investment security that severed the Note from the DOT. (*See id.*).  The Court finds that the

theory underlying the causes of action cannot support a claim to relief, and therefore dismisses

the claims with prejudice to the extent that they depend on Plaintiffs' securitization theory.

     The "securitization" of the DOT does not preclude Defendants' standing to enforce

Plaintiffs' loan obligation.  It is thoroughly established that "[s]ecuritization of a loan does not

in fact alter or affect [a] legal beneficiary's standing to enforce [a] deed of trust." *Reyes v. GMAC Mortgage, LLC*, 2:11-cv-0100-JCM-RJJ, 2011 U.S. Dist. LEXIS 40953, 2011 WL 1322775, at *2 (D. Nev. Apr. 5 2011); *see also Joyner v. Bank of Am. Home Loans*, No. 2:09-cv-2406-GMN-RJJ, 2010 U.S. Dist. LEXIS 75936, 2010 WL 2953969, at *1 (D. Nev. July 26, 2010), aff'd sub nom. *Joyner v. Bank of Am. Home Loans Servicing, LP*, 473 F. App'x 724 (9th Cir. 2012) (stating that legal theories asserting that mortgage loans are invalidated upon being securitized have "been addressed on multiple occasions by this Court, weighed and found wanting"). Furthermore, the agreements created by securitization are distinct from a mortgage borrower's debt obligations, and therefore the process of securitization itself does not change the obligation of the borrower to repay the amount due under a note. See *Reyes*, No. 2:11-cv-0100-JCM-RJJ, 2011 U.S. Dist. LEXIS 40953, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (citing *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, No. 2:10-cv-0375, 2010 U.S. Dist. LEXIS 121743, 2010 WL 4788209, at *4 (D. Utah Nov. 16, 2010)).

Nor is the securitization of a DOT itself unlawful. Securitization of a home loan is not illegal in the state of Nevada. *Chavez v. Cal. Reconveyance*, No. 2:10-cv-00325-RLH-LRL, 2010 U.S. Dist. LEXIS 63415, 2010 WL 2545006, at *2 (D. Nev. June 18, 2010). Indeed, courts in the District of Nevada have held that the act of securitizing, or selling, a home loan to investors or third parties does not constitute an illegal act under Nevada law. See *Chavez*, 2010 U.S. Dist. LEXIS 63415, 2010 WL 2545006, at *2 (holding NRS § 107.080, the state statute which outlines a loan trustee's power of sale, does not forbid the securitization of a loan); *Guerra v. Just Mortg., Inc.*, No. 2:10-cv-00029-KJD-RJJ, 2010 U.S. Dist. LEXIS 123739, 2010 WL 4822948, at *4–*5 (D. Nev. Nov. 22, 2010) (holding that plaintiff's fraud claim fails because lender had no legal duty to inform plaintiff of potential securitization of mortgage note). *See also Byrd v. Meridian Foreclosure Serv.*, No. 2:11-cv-00096-KJD-PAL, 2011 U.S.

Dist. LEXIS 41924, 2011 WL 1362135 (D. Nev. Apr. 8, 2011) (court dismissed securitization claim because Nevada does not impose a legal duty on lender to inform the borrower of securitization).  Thus, "securitization does not void the deed of trust, split the note irreparably or extinguish [a plaintiff's] mortgage obligations." *Banks v. Mac*, No. 2:11-cv-00648-GMN-CWH, 2013 U.S. Dist. LEXIS 39433, 2013 WL 1182685, at *3 (D. Nev. Mar. 20, 2013).  Given that Plaintiffs' securitization claims are foreclosed by Nevada law, the Court dismisses the claims with prejudice.

### C. The Court dismisses with prejudice Plaintiffs' Statute of Limitations and Federal RICO Mail Fraud claims, the Court dismisses without prejudice Plaintiffs' other claims relating to the enforcement of the DOT

Plaintiffs' remaining claims—violation of the statute of limitations; gross negligence; fraudulent and deceptive business practices; fraudulent collection; perjury regarding collection; and for violations of the federal and Nevada Racketeer Influence and Corrupt Organizations ("RICO") Acts—relate to the enforcement of the DOT.  The Court addresses each of these claims in turn.

### i.  Statute of Limitations

Plaintiffs allege that Defendants violated the statute of limitations for enforcement of the DOT.  (Am. Compl. 14:19–16:26).  Enforcing a legal obligation in violation of a statute of limitations is an affirmative defense; it does not provide a right of action. *See Bank of N.Y. Mellon v. DeSelms*, No. 18-1044, 2019 U.S. Dist. LEXIS 229123, 2019 WL 8198310, at *7 (C.D. Cal. Mar. 25, 2019) ("DeSelms's statute of limitations claim cannot be saved by amendment because the statute of limitations provides an affirmative defense, not a cause of action.  Accordingly, leave to amend the statute of limitations claim is **DENIED** and the claim is **DISMISSED WITH PREJUDICE**.") (emphasis original).  Thus, because there is no cause of action for the violation of a statute of limitations, the Court dismisses the claim with prejudice.

### ii. Gross Negligence, Elder Abuse, and Personal Injury

Plaintiffs' claims for Gross Negligence, Elder Abuse, and Personal Injury (the "Negligence Claims") all raise essentially the same theory of recovery. (*See* Am. Compl. 43:1–17, 48:3–49:14.)  The claims allege that Defendants' unlawful enforcement of Plaintiffs' loan obligations caused such significant stress to Plaintiff Keith Lasko that he suffered a stroke and related complications. (*See id.*).  Defendants respond that the claims are insufficiently pled because: (1) the Amended Complaint does not identify the liable parties, (Ocwen MTD 5:2–15); (Caliber MTD 9:21–10:11); (2) the claims are not ripe because there has not been a foreclosure on the Property, (Caliber MTD 22:9–23:3); (3) there is no duty in negligence between a lender and a borrower, (*Id.*); and (4) attempting to foreclose on a loan is not conduct that can support an elder abuse claim under NRS § 41.1395, (Caliber MTD at 27:9–28:2).  The Court agrees that the Amended Complaint is insufficiently pleaded.

First, the Negligence Claims' allegations group all of the Defendants together, and it is unclear which Defendants the Plaintiffs alleged breach a duty of care owed to Plaintiffs. (*See* Gross Negligence Claim, Am. Compl. 43:1–17) (asserting that "Defendants" breached their duties of care to Plaintiffs without alleging who did what to breach the alleged duty); (Elder Abuse Claim, 48:3–49:3) (conclusorily complaining about "continual and ongoing threats from Defendants" without describing who issued the alleged threats); (Personal Injury Claim, *id.* 49:4–14) (complaining about Caliber's conduct but seeking damages from all Defendants).  In order to plead a plausible claim for relief, Plaintiffs must identify the parties liable for each claim and the facts that support the parties' liability. *See Twombly*, 550 U.S. at 555.  Here, because the Court cannot discern the conduct complained of and the allegedly liable Defendants, the Amended Complaint does not state a plausible claim for relief.

Likewise, with respect to the Gross Negligence Claim specifically, Plaintiffs conclusorily assert that "Defendants owed a duty of care to plaintiff." (Am. Compl. 43:7–8).  In

order to state a claim for negligence, a complaint must allege facts that support the existence of a duty of care. *See Bell v. Grupo Bimbo S.A.B. de C.V.*, No. 2:15-cv-02410-KJD-GWF, 2016 U.S. Dist. LEXIS 83767, 2016 WL 3536173, at *5 (D. Nev. June 27, 2016) ("The Court finds that while Plaintiffs may have alleged sufficient facts to assert negligence, Plaintiffs have failed to identify which Defendant has the duty of care to Plaintiffs.").  Here, Plaintiffs have failed to identify which Defendants owed a duty of care to Plaintiffs, the facts giving rise to their respective duties of care, and how Defendants breached their duties.

Furthermore, the Caliber Defendants argue that Plaintiffs claims are unripe because there has not been a foreclosure on the property. (Caliber MTD 22:9–23:3).  While Caliber's rebuttal may be true, the Amended Complaint alleges that Defendants foreclosed on the Property in July of 2018. (*See* Am. Compl. 43:3–5).  Additionally, given that Plaintiff Keith Lasko allegedly suffered his stroke on November 23, 2017, it appears that the Negligence Claims arise from alleged attempts to enforce the loan prior to the alleged foreclosure. (*See id.* 49:4–14).  In the absence of evidence to the contrary for which the Court may take judicial notice, the Court must accept the facts pleaded in the Amended Complaint as true. *See Twombly*, 550 U.S. at 555.  Therefore, as alleged, the Negligence Claims are ripe for adjudication.

Finally, the Caliber Defendants argue that Plaintiffs cannot state a claim for personal injury or elder abuse under NRS § 41.1395 because pursuing foreclosure is not extreme and outrageous conduct. (Caliber MTD 27:11–28:2).  The Court cannot conclude at this time that the claims should be dismissed with prejudice because Plaintiffs may be able to plead facts that Defendants' "threats" toward Plaintiffs were "willful and unjustified" attempts to inflict "mental anguish." *See* NRS § 41.1395(4)(a)(1).  Accordingly, while the claims are inadequately pleaded for the reasons discussed, the Court does not find the claims amenable to dismissal with prejudice at this time.  Thus, the Court dismisses the Negligence Claims without prejudice. //

### iii.  Deceptive and Fraudulent Business Practices

Plaintiffs' Deceptive and Fraudulent Business Practices claim alleges that Defendants violated the Nevada's Uniform Deceptive Trade Practices Act by taking advantage of Plaintiffs' diminished abilities and making false statements of fact to Plaintiffs. (Am. Compl. 43:18–44:14).  Defendants seek dismissal of the claim because: (1) the claim does not identify the liable parties, (Ocwen MTD 5:2–24); and (2) there is no allegation that Defendants conducted business without a required license, (Caliber MTD, 19:5–11).

The Court agrees that the claim is insufficiently pleaded because it does not identify the responsible Defendants.  Additionally, the claim does not allege supporting facts; it instead incorporates claims 1–12 as examples of deceptive and fraudulent business practices.  Even if Plaintiffs' incorporation by reference were sufficient, each of the supporting claims have been dismissed.  The Court dismissed claims 1–11 with prejudice. (*See* Sections (a), (b), and (c)(i), *supra*).  The Court dismissed claim 12, Gross Negligence, for being insufficiently pleaded. (*See* Section (c)(ii), *supra*).  As a result, Plaintiffs' Deceptive and Fraudulent Business Practices claim must be dismissed without prejudice because at least one pleaded theory that allegedly supports a claim has also been dismissed without prejudice.

The Court rejects Caliber Defendants' argument that Plaintiffs must also plead that Defendants conducted business without a required license to state a plausible claim.  NRS § 598.0923 defines "deceptive trade practice" to include conducting business without a required license as one type of deceptive trade practice, but the prohibition is not an element of all claims to relief under the statute. *See* NRS § 598.0923(1).  In addition, "fail[ing] to disclose a material fact in connection with the sale or lease of goods or services" also qualifies as a deceptive trade practice. NRS § 598.0923(2).  Plaintiffs allege this latter theory, which Defendants do not address on the merits, but the claim is deficient as currently pleaded.  Accordingly, the Court dismisses the claim without prejudice.

### iv.  Fraudulent Collection

Plaintiff's Fraudulent Collection claim alleges that Defendants violated NRS § 649.375 by attempting to collect on a time-barred debt obligation. (Am. Compl. 44:15–47:21).  Ocwen responds that the claim must be dismissed against it because: (1) the statute of limitations passed in 2013; (2) the claim is not pled with specificity in accordance with Federal Rule of Civil Procedure 9(b); (3) if Plaintiff's could state a claim, the result would be that the Note is voidable at the parties' option rather than void; and (4) Ocwen did not participate in origination of the loan. (Ocwen MTD 5:25–7:22).  Caliber argues that the claim should be dismissed because Plaintiffs have not alleged facts indicating that any Caliber Defendants are a "collection agency" regulated by the statute. (Caliber MTD 23:4–20).

The Fraudulent Collection claim sounds in fraud and must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b).  Pleading with particularity requires that the Complaint provide plausible allegations of "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

Here, the allegations are insufficient under Rule 9(b).  Plaintiffs do not identify which Defendants sent them collection notices on what dates.  Nor do Plaintiffs explain the content of the collection notices.  Nor have Plaintiffs alleged that any one Defendant plausibly qualifies as a "collection agency" under the statute.  As a result, the Court is unable to assess the veracity of Defendants' remaining defenses to the claim, and the Court cannot ] assess whether the statute of limitations has run because the Court does not know when the alleged acts giving rise to the claim occurred.  The Court therefore dismisses the claim without prejudice.

### v.  Perjury Regarding Collections

Plaintiffs' Perjury Regarding Collections claim alleges that Defendants "committed perjury stating they were outside the Statute of Limitations for Fraudulent Collection Practices,

that they were no longer engaging in such practices." (Am. Compl. 47:22–48:9). Defendants respond that Plaintiffs have failed to allege facts that support a plausible claim to relief. (*See* Ocwen MTD 5:1–24); (Caliber MTD 23:6–20).

The Court agrees. Alleging a claim to relief based on Defendants' false statements sounds in fraud. *See* Fed. R. Civ. P. 9(b). Accordingly, the claim must be pleaded with particularity. *Id.* Plaintiffs have failed to allege who made the allegedly perjurious statements, what the statements were, when the statements were made, and why they were false. *See Vess*, 317 F.3d at 1106. Therefore, the claim is dismissed without prejudice.

### vi. Federal RICO Mail Fraud and Extortion

Plaintiffs' claims for Federal RICO violations predicated on mail fraud and extortion allege that Defendants repeatedly sent Plaintiffs fraudulent collection notices. (*See* Am. Compl. 50:9–51:13). The Court dismisses the claims without prejudice for failure to comply with Rule 9(b) because Plaintiffs have not alleged facts indicating which Defendants sent the notices, the contents of the notices, when the notices were sent, or why they were fraudulent. (*See* Ocwen MTD 5:2–24); (Caliber MTD 25:12–27:8).

### vii. Federal RICO Obstruction of Justice

Plaintiffs allege that Defendants committed a RICO violation by improperly removing the case from state to federal court because not all Defendants consented to removal. (Am. Compl. 51:14–52:3). Even if not all Defendants joined in the removal as alleged, improper removal is not a RICO predicate. (*See* Ocwen MTD 7:23–8:16). The Court therefore dismisses this claim with prejudice.

### viii. Nevada RICO

Plaintiffs allege a Nevada RICO violation from Defendants' allegedly making collection demands of Plaintiffs without supporting legal documentation. (Am. Compl. 49:15–50:8). Defendants respond that the claim is deficient because the Amended Complaint fails to identify

the parties responsible for the conduct alleged, (Ocwen MTD 5:2–24), and the conduct alleged does not support a plausible RICO predicate, (Caliber MTD 20:15–22:8).

The Court agrees.  As best as the Court can discern, the RICO predicate that could support a claim is receipt of property by false pretenses—a claim sounding in fraud. *See* NRS 207.360; Fed. R. Civ. P. 9(b).  The Court above has dismissed all of Plaintiffs' fraud claims either for failing to allege a cause of action as a matter of law or for inadequate pleading.  To the extent that any fraud claim that has been dismissed without prejudice could support a RICO action, Plaintiff has not alleged sufficient facts with particularity to sustain those claims.  Accordingly, because Plaintiffs have not adequately pleaded that support a RICO predicate, Plaintiffs likewise have not adequately pleaded a RICO claim, and the Court must dismiss this claim without prejudice.

//

//

//

//

//

//

//

//

//

//

//

//

//

Page 14 of 15

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Caliber Defendants' Motion to Dismiss, (ECF No. 143), is **GRANTED**.

**IT IS FURTHER ORDERED** that Ocwen's Motion to Dismiss, (ECF No. 142), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint, (ECF No. 141), is **DISMISSED** as described in the preceding discussion.  Plaintiffs shall have leave to amend the claims dismissed without prejudice.  Plaintiffs must file an amended complaint within twenty-one (21) days from entry of this Order.  The Court's grant of leave to amend is limited only to correcting the deficiencies in the claims of the Amended Complaint that have been dismissed without prejudice.  Failure to file an amended complaint by the deadline provided will result in dismissal of this case with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection, (ECF No. 206), is **DENIED as moot**.

**DATED** this __29__ day of September, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT